STEPHEN KEUPLER et al.

*v.*

ESTERBROOK REEVE et al.

[Heard March 13th, 1911. Determined March 16th, 1911.]

1. Complainants in an interpleader suit, as owners, are entitled to de- duct from moneys due under a building contract orders given by the contractor and guaranteed by them, and to compel the defendant claim- ants to interplead as to the balance, defendants' stop-notices having been given after the last installment fell due.

2. Where a bill of interpleader alleges that the several claimants to a fund growing out of a building contract have made claims on the com- plainants to the exclusion of other claimants, and sets forth the substance

of the stop-notices manifesting such claims in a manner which may be said to create substantial doubts as to the sufficiency of some of the notices, it is sufficient to sustain the bill on a motion to dismiss.

---

On motion to dismiss bill of interpleader.

*Messrs. Wilson & Carr* and *Mr. Francis G. Weaver,* for the motion.

*Mr. George J. Bergen,* opposed.

LEAMING, V. C.

As the present motion is, in effect, a demurrer to the bill, the single question here presented is whether the bill on its face discloses facts sufficient to sustain a bill of interpleader.

On August 12th, 1910, the day the building was completed, complainants were, by the terms of the contract, required to be in possession of the final installment of the contract price, the amount of which was $1,616. Complainants were on that day entitled to pay that money to the contractor, except as against such rights in that fund as had *at that time* arisen in behalf of others. An advance payment made by complainants, as owners, to the contractor or to his order prior to that date is necessarily treated as made on that date and will discharge the owners to the amount of such advance payment, except as against rights of others which prior to that date have arisen in the fund. A stop-notice served subsequent to the time the last installment became due is operative only against such part of the last installment as remains unpaid or unappropriated at the time such subsequent stop-notice is served. *Taylor* v. *Reed, 68 N. J. Law (39 Vr.) 178.* There can be no doubt, therefore, touching the right of complainants to interplead, so far as the objection is concerned, that they should pay into court the full amount of the last installment without first deducting the sum of $496, which was paid on contractor's order May 25th, 1910, for the stop-notices served have no rights as against that payment.

Complainants also deduct from the amount of the last contract installment $53, which was paid by complainants December 23d,

1910, to the Haney-White Company by virtue of a guarantee made by complainants to that company May 21st, 1910, wherein complainants guaranteed the payment of an order issued to that company by the contractor on that date against complainants for money due that company under that contract. With such an accepted or guaranteed order outstanding at the time the last installment fell due, the order clearly at this time became fully operative in favor of the person holding the order as an equitable assignment of the fund to the amount of the order, as against all persons who at that time had no prior rights. It therefore becomes immaterial as to such subsequent claims whether that order was paid by complainant on the day the installment fell due or at a subsequent day, for the holder of the order was entitled to the money on that day.

I am also satisfied that the bill discloses sufficient uncertainty as to the rights of the several claimants to entitle complainants to file the bill. The bill alleges that the several claimants to the fund have made claims on complainants to the exclusion of other claimants, and sets forth the substance of the stop-notices in a manner which may be said to create substantial doubts as to the sufficiency of some of the notices. These averments I think sufficient to sustain the bill.